THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

   v.

 
 
 
 
 U.J. and P.W., Defendants,
 
 
 Of whom P.W. is
 the Appellant.
 
 
 In the interest of one minor child under the age of 18.
 
 
 

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

Unpublished Opinion No. 2011-UP-169
 Submitted April 1, 2011  Filed April 19,
2011    

AFFIRMED

 
 
 
 Thomas L. Harper, Jr., of Charleston, for
 Appellant.
 J. Corbitt Hinson, III, of North
 Charleston, for Respondent.
 Carolyn Chaite Berlin, of Mount Pleasant,
 for Guardian Ad Litem.
 
 
 

PER CURIAM:  P.W.
 (Father) appeals the family court's May 28, 2010 permanence planning order
 adopting termination of parental rights (TPR) as the permanent plan for the
 child.  On appeal, Father contends the family court erred in failing to find a
 compelling reason to select a permanence plan other than TPR.  We affirm.[1]
 "In appeals from the family court, the appellate
 court has the authority to find the facts in accordance with its view of the
 preponderance of the evidence."  Ex parte Morris, 367 S.C. 56, 61,
 624 S.E.2d 649, 652 (2006).  "This broad scope of review does not,
 however, require the appellate court to disregard the findings of the family
 court."  Id.  "This degree of deference is especially true in
 cases involving the welfare and best interests of a minor child."  Id. at 62, 624 S.E.2d at 652.       
"If the [family] court
 approves a plan that is not reunification with the parents, custody or
 guardianship with a fit and willing relative, or [TPR], the [family] court must
 find compelling reasons for approval of the plan and that the plan is in the child's
 best interests."  S.C. Code Ann. § 63-7-1700(C) (Supp. 2010).  
Here, no compelling reason
 supports the family court's approval of a permanent plan other than TPR.  Father's
 incarceration prevented reunification prior to the child's spending over
 eighteen months in foster care, and no viable relatives were available to care
 for the child.  Additionally, evidence supported the family court's finding TPR
 would be in the child's best interest.  At the time of the trial, the child
 would have had to remain in foster care for at least another sixteen months
 awaiting Father's release from prison, even though child does not know Father. 
 In comparison, Child's foster parents are interested in adoption now and
 Child's assessment revealed he is a good candidate for adoption.  The child's
 therapist testified waiting for Father's release from prison would place child
 at a greater risk for social and emotional problems and attachment disorder.  
Accordingly, the family court
 did not err in adopting the permanency planning order of TPR.  
AFFIRMED.
WILLIAMS, J.,
 KONDUROS, J., and CURETON, A.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.